HEARD NOVEMBER TERM, 1878.

MOBLEY *vs.* DENT.

The remedy by distress for rent was restored by the Act of June 8th, 1877.

BEFORE ALDRICH, J., AT RICHLAND, JUNE, 1878.

This was an action by Samuel W. Mobley, as trustee of Victoria Walker, against Jesse E. Dent, as Sheriff of Richland County, to recover damages for wrongful taking by the defendant from the possession of the plaintiff certain goods and chattels.

The facts were that the plaintiff was the landlord of one Catherine L. Koenig; that on the 29th day of January, 1878, the said Catherine L. Koenig was indebted to the plaintiff in the sum of $252 for rent in arrear; that the plaintiff procured a distress warrant for said rent and seized certain goods and chattels under the same, and that said goods and chattels were taken out of the possession of the plaintiff by the defendant. At the trial the defendand moved for a nonsuit on the ground that the remedy by distress for rent had not been restored by the Act of June 8th, 1878.—16 Stat., 264.

His Honor the presiding Judge overruled the motion.

The defendant excepted to the ruling, and, a verdict having been rendered for the plaintiff, the defendant appealed.

*Lyles*, for appellant:

I. Distress for rent in arrear was expressly abolished by two separate and distinct Acts of the Legislature, the first of which is found in 14 Stat., 106, and the second in Chap. LXXXIV, § 15, of Gen. Stat. Moreover, distress for rent, as it existed before the passage of the Act of 24th September, 1868, (14 Stat., 106,) was regulated and controlled exclusively by statute,—the English statutes, made of force and adopted by the Act of 1712, having superseded the common law upon the subject in every particular.

Chap. CXLVI, § 3, of General Statutes provides that "The repeal of the Acts and resolves, and parts of Acts and resolves, revised and re-enacted herein, or repugnant to the provisions hereof, shall not revive any law heretofore repealed or superseded nor any office heretofore abolished." Chapter CXLVII expressly repeals the Act of 1712 and every part thereof subject to the provisions of Chapter CXLVI.

II. "If a rule of law be altered by several statutes, a repeal of one Act or two, and not of all, does not revive the rule itself."—Potter's Dwarris on Stats., 159, citing *The Bishop's* case, 12 Rep., 7, and *Tottle* vs. *Greenwood*, 4 Bing., 496.

III. The Act of June 8th, 1878, (16 Stat., 264,) does not repeal either of the Acts found in the General Statutes.

1. The latter Acts are not mentioned.—Potter's Dwarris on Stats., 113.

2. There is no general repealing clause.

3. There is no necessary implication of a repeal.

"A repeal by implication is not favored; the leaning of the Court is against the doctrine, if it be possible, to reconcile the two Acts of the Legislature together."—Justice Swayne in *McCool* vs. *Smith*, 1 Black, (U. S.,) 470; see also cases cited in Potter's Dwarris, 155 and 156.

"Where some of the provisions of an Act are void for unconstitutionality, a general repealing clause does not repeal an Act which conflicts only with that part."—*Horbeck* vs. *Mayor*, 10 Bosw., 366.

Therefore, on the 29th day of January, 1878, the right of distress for rent in arrear, through which alone the plaintiff could make out his case, if it existed 'at all, did not exist by virtue of a restoration of the common or statutory law upon the subject by the repeal of all subsequent Acts, but depended entirely upon the ex-' press enactment of the Act of June 8, 1878, seeking to restore the right affirmatively.

IV. The Act of June 8, 1878, except for the purpose of repealing Section 20 of the Act entitled " an Act to regulate attachments," was, in technical language, " broader than its title," and was in conflict with Section 20 of Article II of the State Constitution, which is as follows, viz.: "Every Act or resolution having the force of law shall relate to but one subject, and that shall be expressed in its title."

This Court will always liberally'construe the Constitution so as to give full force to its provisions, as was said in the case of *Purdy* vs. *The People*, 4 Hill N. Y., 418 : " To maintain the Constitution is our first duty; and if the Legislature has for any cause encroached upon that sacred instrument, or if any erroneous construction has been given to it, we are imperatively called upon to declare its meaning and to assert its supremacy."

With a similar provision in the Constitution of the State of New York as to " private or local bills," their Courts have been exceedingly strict in restraining the Legislature within 'its provisions. Chief Justice Godwin, in the case of *The Mayor, &c.*, vs. *Colgate*, (2 Kern., 146,) says: " Now, it is notorious that the discrepancy between the headings and subjects of our laws were so frequent that a constitutional provision was deemed necessary to guard against any imposition upon a class of legislators whose knowledge of bills was supposed to be gathered principally from its title."—See also *People* vs. *O'Brien*, 38 N. Y., 195; *People* vs. *Hills*, 35 N. Y., 452; *The People* vs. *The Commissioners, &c.*, 53 Barb., 72; and *Smith* vs. *Mayor*, 34 How., 508; see also the language of the Supreme Court of Michigan in the case of *People* vs. *Mahoney*, 13 Mich., 494.

Who, from the title of this Act, would ever suppose that the Legislature intended to restore so harsh a remedy, which had been again and again condemned? They sought to do so by repealing the most obscure of all of the provisions upon the subject, covered up in an enactment upon an entirely different subject.

In the words of Chief Justice Davies in *The Sun Mutual Insurance Company* vs. *The Mayor, &c.,* 4 Seld., 259, "It would be impossible to devise a title more calculated to mislead or throw off suspicion or inquiry as to the real subject of the Act. To sanction such a procedure would be to override and nullify a clear, plain and mandatory provision of the Constitution."

*Bachman & Youmans, Monteith,* contra :

The question is entirely one of law. Did the Circuit Judge err in refusing a nonsuit ? If distress for non-payment of rent did not exist in this State, the Circuit Judge erred ; if it did exist, the Circuit Judge was correct. It certainly existed until September 24, 1868. The 20th Section of an Act to regulate attachments, (14 Stat., 106,) " Distress for non-payment of rent, as heretofore existing, is abolished," is unconstitutional, because broader than its title.— Cons. of 1868, Art. II, § 20.

The same provisions in General Statutes (Chap. LXXXIV, § 15, p. 436,) has only the same force and validity as A. A. 1868, (14 Stat., p. 106, § 20,) and is the same. The side notes and references to the original text show this.—A. A. March 9, 1869, § 2 ; preface to Revised Statutes ; *Doyle* vs. *Wisconsin,* 4 Otto, 51. The A. A. June 8, 1877, settled beyond doubt the legislative intent to do away with said Section 20, and that such intent has been accomplished.

January 27, 1879.  The opinion of the Court was delivered by

HASKELL, A. J.  The question in this case is whether or not the remedy by distress for non-payment of rent has been restored by the Act of June 8, 1877, entitled "An Act to alter and repeal Section 20 of an Act entitled 'An Act to regulate attachments,' approved September 24, A. D. 1868, which enacts that the first ten words of Section 20 of an Act entitled 'An Act to regulate attachments,' approved September 24, A. D. 1868, be stricken out, and the rights and remedies in such cases existing before the passage of said Act are hereby restored."  The said ten words of said Section 20 of the Act of 1868 are as follows : " Distress for non-payment of rent, as heretofore existing, is abolished."—14 Stat., 106.  If the entire Act of June, 1877, is valid, there is an end to the matter, for the Act contains not only the repeal of so much of

the Act of 1868 as abolishes the remedy by distress, but also positively re-enacts the law on that subject as it existed prior to the passage of said Act of September 24, 1868. What the law was prior to that time is not questioned. Whether or not Section 20 of the Act of 1868 was re-enacted or the Act of 1712 repealed in the General Statutes, February 10, 1872, is, therefore, wholly immaterial.

No practice is more common, however objectionable in some instances it may be considered, than the entitling of Acts passed for the repeal or amendments of Acts or portions of Acts by reference merely to the title and Section of the Act repealed or amended, without referring more specifically to the subject or branch of the subject to which the subsequent Act relates. Indeed, in many cases the practice goes further, and not only entitles the Act by mere reference by its title to the Act amended or repealed, but proceeds to enact by striking out or adding, not sentences which might convey the meaning, but separate words, thus rendering it absolutely necessary to refer to the former Act, and that both be read together before the subject-matter or purpose of the subsequent Act can be ascertained. But this cannot be said to be in violation of that Section (20 of Art. II) of the Constitution which directs that the Act "shall relate to but one subject, and that shall be expressed in the title," for the subject of an Act to repeal or amend is the Act or portion of the Act repealed or amended, and reference to that Act is technical obedience to the Constitution. Not only is the former Act the subject of the succeeding Act which relates to it, but naturally and of necessity the subject of the prior Act becomes the subject of the latter Act.

The subject to which the first ten words of Section 20 of the Act of 1868 relates is "distress for non-payment of rent." The same becomes the subject of the Act of June, 1877, which is an Act " to alter and repeal" that portion of Section 20 of the Act of 1868. Of that subject alone the Act of 1877 disposes, and in so doing it enacts that " the rights and remedies in such cases existing before the passage of said Act are hereby restored." "Such cases" are the "cases" to which the first ten words of Section 20 of the Act of 1868 relate. Those words relate to all cases of non-payment of rent in which, prior to the Act of September 24, 1868, remedy by distress could be had. The Act of June, 1872, therefore, stands upon the same ground as if the subject "distress for rent" had been

named in terms in the title and the Act had proceeded to re-enact the law upon that subject as it had stood prior to September 24, 1868.

The re-enactment of the Act of 1868 in the Revised Statutes, even if it were taken in the light of an original Act, and the repeal of the Act of 1712, which made the remedy by distress of force in this State, are alike immaterial, for the reason that the one would be repealed and the other revived, by implication, by the Act of June, 1877. "*Leges posteriores priores contrarias abrogant.*" "If two inconsistent Acts be passed at different times, the last, said the Master of the Rolls, is to be obeyed ; and if obedience cannot be observed without derogating from the first, it is the first which must give way."—Sedgwick on Stat. and Con. Law, 125. An Act can always be made to revive a previously existing law by reference to the law as it stood, at a certain time, and without recital declaring that that shall be the law. What was the law can be ascertained.

The Act of June, 1877, is, therefore, held to be of force, and the remedy by distress restored.

The judgment of the Circuit Court is affirmed.

Motion refused.

*Willard*, C. J., and *McIver*, A. J., concurred.

---

HEARD NOVEMBER TERM, 1878.